**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

PATRICK MOLONEY,

    Plaintiff,

v.

HOME DEPOT U.S.A., INC.,
d/b/a "The Home Depot,"
a Corporation

    Defendant

Case No. 11-CV-10924
Hon. Sean F. Cox
Magistrate Judge Mona K. Majzoub

| PITT, McGEHEE, PALMER, RIVERS & GOLDEN, P.C. | LITTLER MENDELSON PLC |
|---|---|
| Kevin M. Carlson (P67704) | Charles C. DeWitt, Jr. (P26636) |
| Beth M. Rivers (P33614) | Attorneys for Defendant |
| Joseph A. Golden (P14105) | 200 Renaissance Center |
| Attorneys for Plaintiff | Suite 3110 |
| 117 West Fourth Street, Suite 200 | Detroit, MI 48243 |
| Royal Oak, MI 48067 | Tel: (313)446-6401 |
| Tel: 248-398-9800 | Fax: (313) 446-6405 |
| Fax: 248-398-9804 | cdewitt@littler.com |
| kcarlson@pittlawpc.com | |
| brivers@pittlawpc.com | |

**CONFIDENTIALITY STIPULATION AND PROTECTIVE ORDER**

    It being represented to the Court that Defendant Home Depot U.S.A., Inc. will be producing confidential documents for inspection and view in accordance with the terms of this Agreed Protective Order; and,

    It being represented to the Court that the parties are in agreement as to the terms of this Confidentiality Stipulation and Protective Order, and the Court being otherwise fully advised in the premises;

    IT IS HEREBY ORDERED, pursuant to FRCP 26, that any documents that Home Depot

designates as "Confidential and Proprietary," and which are disclosed to Plaintiff and his attorneys pursuant to this Protective Order, are disclosed only under the conditions that follow:

(1) Any and all of the aforesaid documents and materials disclosed by Home Depot and the contents thereof shall be maintained in confidence by Plaintiff, Plaintiff's experts and/or consultants retained on Plaintiff's behalf and his attorneys. Documents and materials deemed subject to this Order shall not be disseminated by any means not otherwise provided for in this Order without the prior consent of Home Depot's attorney until further order of this Court;

(2) Any and all of the aforesaid documents and materials produced by Home Depot and the contents thereof may be used in connection with the above captioned action, but shall not be used for any other purpose whatsoever. Specifically, it shall be an express violation of the terms of this Order for an opposing party to disclose, disseminate or use in any way documents and/or materials deemed confidential and/or proprietary or the information contained therein, for any reason, including any business reason or for any purpose other than in relation this litigation.

(3) Before disclosing materials marked "confidential" by Home Depot under this Order, the Plaintiff's attorney must first obtain from any consultants and/or experts a written statement confirming the consultant's and/or expert's agreement to comply with each of the terms of this Protective Order. Each such consultant or expert shall agree in writing that copies of such documents and materials provided and the contents thereof, shall not be disclosed to any other person or entity and that said documents and

materials shall not be photocopied, disseminated or reproduced by any means for use or reference outside the subject litigation.

(4) This Order shall be without prejudice to the right of any party to challenge the propriety of discovery on any grounds, including, but not limited to, relevance, materiality, privilege, or other grounds;

(5) This Order is intended to only govern the use of the documents and information in pretrial proceedings. Should this matter proceed to trial, the Court will issue an appropriate order governing the use of the documents and information at trial.

(6) Nothing contained herein shall be construed as a waiver of any objection which might be raised by any party as to the admissibility into evidence of any documents or other materials;

(7) At the conclusion of this action by settlement, jury verdict, non-suit, dismissal, or other disposition, by judgment order or otherwise, all of the documents and materials produced by Home Depot and designated as "Confidential and Proprietary" pursuant to this Protective Order, including any and all copies or renditions made from such documents and materials, shall be returned to Home Depot through its counsel, within thirty (30) days of a written request following the conclusion of this action.

(8) The terms of this Order shall apply to any documents and/or materials deemed confidential and/or proprietary by Home Depot that is of the type not normally shared with third parties and that involves personnel records, medical records, trade secrets,confidential research, proprietary materials, commercially

sensitive information, or documents and/or materials deemed in good faith by Home Depot to constitute confidential, personal or private information. However, the parties reserve the right to challenge any confidential and/or proprietary designation.

(9) If the parties are unable to amicably resolve any dispute regarding a document designated as confidential and/or proprietary by the opposing parties, the matter will be submitted to the Court for consideration and a formal ruling.

IT IS SO ORDERED.

Dated: December 21, 2011

s/ Sean F. Cox
Sean F. Cox
U. S. District Judge

Entry of this confidentiality stipulation and protective order is hereby stipulated and agreed to by:

| | |
|---|---|
| */s/ Kevin M. Carlson* (P67704) | */s/ Charles C. DeWitt, Jr.* (P26636)(w/consent) |
| Kevin M. Carlson (P67704) | Charles C. DeWitt, Jr. (P26636) |
| Beth M. Rivers (P33614) | LITTLER MENDELSON PLC |
| Joseph A. Golden(P14105) | Attorneys for Defendant |
| PITT, McGEHEE, PALMER, | 200 Renaissance Center |
| RIVERS & GOLDEN, P.C. | Suite 3110 |
| Attorneys for Plaintiff | Detroit, MI 48243 |
| 117 West Fourth Street, Suite 200 | Tel: (313)446-6401 |
| Royal Oak, MI 48067 | Fax: (313) 446-6405 |
| Tel: 248-398-9800 | cdewitt@littler.com |
| Fax: 248-398-9804 | |
| kcarlson@pittlawpc.com | |
| brivers@pittlawpc.com | |
| jgolden@pittlawpc.com | |

Date: November 22, 2011

4

**PROOF OF SERVICE**

  The undersigned certifies that the foregoing instrument was served upon all parties to the above cause to each of the attorneys of record herein at their respective addresses disclosed on the pleadings on November 22, 2011


  Signature:   <u>/s/ *Kevin M. Carlson* (P67704)</u>