UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Patrick Moloney,

      Plaintiff,

v.                                  Case No. 11-10924

Home Depot U.S.A., Inc.,             Honorable Sean F. Cox

      Defendant.
_____/

**ORDER DENYING**
**DEFENDANT'S MOTION FOR RECONSIDERATION**

In this action, Plaintiff Patrick Moloney ("Plaintiff") asserts that his former employer,

Defendant Home Depot U.S.A., Inc. ("Defendant" or "Home Depot"), discriminated against him

in violation of the Americans with Disabilities Act ("ADA") and Michigan's Persons with

Disabilities Civil Rights Act ("PWDCRA") when it terminated his employment.  Plaintiff also

asserts that Home Depot violated both the ADA and the PWDCRA by failing to accommodate

his disability.

Following discovery, the matter came before the Court on Defendant's Motion for

Summary Judgment.  In an Opinion & Order issued on May 31, 2012, this Court granted the

motion in part, denied it in part, and took part of the motion under advisement pending

supplemental briefing.  (Docket Entry No. 43).  The Court granted Defendant's motion with

respect to Plaintiff's failure-to-accommodate claim under Michigan's PWDCRA but ordered

further briefing as to the failure-to-accommodate claim under federal law.

The Court denied Defendant's motion as to Plaintiff's claims under both the ADA and

1

PWDCRA that he was terminated because of his disability.  In doing so, the Court noted that:

> To establish a prima facie case of disability discrimination under the ADA,[1] a plaintiff must show that: 1) he is disabled; 2) he is otherwise qualified for the position, with or without reasonable accommodation; 3) he suffered an adverse employment action; 4) the employer knew or had reason to know of the plaintiff's disability; and 5) the position remained open while the employer sought other applicants or the disabled individual was replaced. *Whitfield v. Tennessee*, 639 F.3d 253, 58-59 (6th Cir. 2011).

(5/31/12 Opinion & Order at 7).  Defendant's Motion for Summary Judgment challenged the first, second, and fourth elements.  This Court ultimately concluded that Plaintiff has submitted sufficient evidence to create an issue of fact as to whether: 1) he is disabled (*Id*. at 7-9); 2) he is qualified for the position (*Id*. at 10-11); and 3) Defendant knew or should have known that Plaintiff has a mental disability (*Id*. at 11-13).  The Court also concluded that Plaintiff submitted sufficient evidence to establish pretext.  (*Id*. at 14-16).

Thereafter, Defendant filed the instant Motion for Reconsideration.  (Docket Entry No. 45).  Defendant contends that the Court erred in finding that Plaintiff has submitted sufficient evidence to establish that Defendant knew or should have known that Plaintiff has a disability.  Defendant argues that the Court erred in referring to the corporate Defendant's knowledge, rather than to the knowledge of the individual who actually made the decision to terminate Plaintiff.  Defendant asserts that because Keith Stevens made the decision to terminate Plaintiff's employment, it is his knowledge that is relevant.  Defendant also asserts that Stevens was "uncontrovertibly" without any knowledge of Plaintiff's disability.

---

[1]"Michigan's Persons with Disabilities Civil Rights Act substantially mirrors the ADA, and resolution of a plaintiff's ADA claim will generally, though not always, resolve the plaintiff's PWDCRA claim."  *Cotter v. Ajilon Servs., Inc.*, 287 F.3d 593, 597 (6th Cir. 2002). The Court will only address Plaintiff's PWDCRA claims where the standard differs from the ADA.

The Court agrees that it is Stevens's knowledge, as the decision-maker, that is relevant. Whether Stevens knew or should have known of Plaintiff's disability, however, is not incontrovertible simply because Stevens testified that he did not know Plaintiff was disabled.

This Court concludes that Plaintiff has identified sufficient evidence in the record to create a genuine issue of fact as to whether Stevens knew *or should have known* that Plaintiff was disabled.  The evidence reflects that various symptoms exhibited by Plaintiff may be sufficiently obvious enough manifestations of a mental disability that it may be reasonable to infer that a person like Stevens, who supervised Plaintiff for a period of more than a year, either knew or should have known of his disability.

Stevens himself testified that he observed that "Plaintiff is a different personality.  You know, he was never one to come up an engage you, you know, and talk about anything, but if you engage Pat he would talk a little bit."  (Stevens Dep. at 176).  Stevens testified that Plaintiff, an adult man, walked in what Stevens called a "supersonic speed."  (*Id*.).  He also testified that Plaintiff speaks slowly, that he sometimes pauses for long periods of time between questions and answers, and that he has seen Plaintiff "stutter and stuff."  (*Id.* at 255 & 260).  At times Stevens also observed Plaintiff have difficulty focusing.  (*Id*. at 258).

Moreover, at trial the jury will hear Plaintiff testify and will observe Plaintiff's speaking, facial expressions, mannerisms, etc., which may also be relevant as to the inquiry as to whether Stevens knew or should have known that Plaintiff has a mental disability.[2]

---

[2]In its Motion for Reconsideration, Defendant notes that Stevens's Declaration asserts that "Plaintiff's conduct and behavior during the course of his video deposition (long pauses between questions and answers, staring and rolling of the eyes) was wholly inconsistent with the conduct and behavior that I observed of Plaintiff during his employment" at Home Depot. (Stevens Decl. at ¶ 4).  Stevens, however, testified that during his employment he observed that

In addition, while Stevens was the supervisor who made the decision to terminate Plaintiff, evidence regarding what other supervisors observed while working with Plaintiff is also relevant because a reasonable jury could conclude that such testimony casts doubt on Stevens's testimony that he did not know, or have any reason to believe, that Plaintiff has a mental disability.  (*See* 5/31/12 Opinion & Order at 12).

Finally, the Court concludes that evidence indicating that the then-Store Manager and the Human Resources Department were expressly advised of Plaintiff's mental impairment at the time that Plaintiff was first hired is also relevant as to whether Stevens should have known of Plaintiff's disability.  *See, e.g. Hedberg v. Indiana Bell Tele. Co., Inc*., 47 F.3d 928, 934 (7th Cir. 1995) (Explaining that, while the "ADA does not require clairvoyance," "if an employee tells his employer that he has a disability, the employer then knows of the disability, and the ADA's further requirements bind the employer.").

The Court continues to believe that Plaintiff has submitted sufficient evidence to create an issue of fact as to whether he can establish a prima facie case of disability discrimination. The Court also continues to believe that Plaintiff has submitted sufficient evidence as to pretext to survive summary judgment.  Accordingly, IT IS ORDERED that Defendant's Motion for Reconsideration is DENIED.

---

Plaintiff sometimes pauses for long periods of time between questions and answers.  (Stevens Dep. at 257).  In any event, such arguments are for the jury and cannot be resolved at the summary judgment stage.

IT IS SO ORDERED.

S/Sean F. Cox
Sean F. Cox
United States District Judge

Dated:  February 7, 2013

I hereby certify that a copy of the foregoing document was served upon counsel of record on February 7, 2013, by electronic and/or ordinary mail.

S/Jennifer McCoy
Case Manager

5